IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY ROMANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 1905 |
| | ) |
| ACTIVE NETWORK INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Active Network Inc.'s (ANI) motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

**BACKGROUND**

Plaintiff Mary Romano (Romano) alleges that ANI is a business that accepts credit cards or debit cards for its business transactions with customers. On or about March 28, 2007, August 2, 2007, and March 24, 2008, ANI allegedly gave Romano an online register receipt, which displayed more than the last five digits of Romano's credit card number and the expiration date in violation of 15 U.S.C. § 1681c(g) of the

1

Fair and Accurate Credit Transaction Act (FACTA), an amendment to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* ANI also allegedly instructs its customers over the internet to print receipts for transactions with ANI. Romano contends that ANI's violation of the FCRA was a willful violation. Romano includes in her complaint one FACTA claim and also includes class allegations in the complaint. ANI now moves to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss, a court must "take all of the factual allegations in the complaint as true" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted) (emphasis in original)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hecker v. Deere & Co.*, 569 F.3d 708, 710-11 (7th Cir. 2009)(stating that "*Iqbal* reinforces *Twombly*'s message that '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged'")(quoting in part *Iqbal*, 129 S.Ct. at 1949). A plaintiff is not required to "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later").

## DISCUSSION

ANI contends that, based on the facts of the complaint, Romano has failed to state a valid FACTA claim

I. Internet Receipt

ANI argues that FACTA does not cover the internet transaction alleged in the complaint. When courts interpret statutes, the courts should "give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent." *Gillespie v. Equifax Information Services, L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007)(stating in addition that a court "must construe statutes in the context of the

entire statutory scheme and avoid rendering statutory provisions ambiguous, extraneous, or redundant; [that courts should] favor the more reasonable result; and [courts should] avoid construing statutes contrary to the clear intent of the statutory scheme")(internal citations omitted). Courts when interpreting statutes "'frequently look to dictionaries to determine the plain meaning of words.'" *Id.* (quoting *Sanders v. Jackson,* 209 F.3d 998, 1000 (7th Cir. 2000)). FACTA provides in 15 U.S.C. § 1681c(g) (Section 1681c(g)) the following:

> (g) Truncation of credit card and debit card numbers
> (1) In general
> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall *print* more than the last 5 digits of the card number or the expiration date upon any *receipt provided to the cardholder at the point of the sale or transaction.*
> (2) Limitation
> *This subsection shall apply only to receipts that are electronically printed*, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.
> (3) Effective date
> This subsection shall become effective--
> (A) 3 years after December 4, 2003, with respect to any *cash register or other machine or device that electronically prints receipts* for credit card or debit card transactions that is in use before January 1, 2005; and
> (B) 1 year after December 4, 2003, with respect to any *cash register or other machine or device that electronically prints receipts* for credit card or debit card transactions that is first put into use on or after January 1, 2005.

15 U.S.C. § 1681c(g) (emphasis added). ANI argues that Romano alleges that she obtained a receipt from ANI over the internet and that such an occurrence would not

4

be a scenario covered by Section 1681c(g). Romano alleges in the complaint that ANI violated Section 1681c(g) when "defendant gave the plaintiff . . . online, a computer generated register receipt which displayed more than five digits of the plaintiff's credit card number and the expiration date." (Compl. Par. 32). ANI argues that Section 1681c(g) cannot cover such an occurrence since the internet receipt would not have been "provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g). ANI also points out the inclusion of the word "printed" in Section 1681c(g) and the reference in Section 1681c(g) to a "cash register or other machine or device that electronically prints receipts." *Id.* ANI also points to the decisions of courts that have taken the same position, concluding that wording of Section 1681c(g) indicates that it was not intended to cover internet transactions and receipts. *See, e.g. Smith v. Under Armour, Inc.*, 593 F. Supp. 2d 1281, 1282 (S.D. Fla. 2008); *King v. MovieTickets.com, Inc.*, 555 F. Supp. 2d 1339, 1340 (S.D. Fla. 2008). However, we find the reasoning provided in *Harris v. Best Buy Co., Inc.*, 254 F.R.D. 82 (N.D. Ill. 2008) to be more persuasive. *Id.* at 84 (examining term "electronically printed" in FACTA under dictionary definition of "print" and concluding that computer display is included); *see also Grabein v. 1-800-Flowers.com, Inc.*, 2008 WL 343179, at *1 (S.D. Fla. 2008)(concluding that a receipt printed from a customer's computer display was a receipt under FACTA).

It is apparent that the use of the word "print" in Section 1681c(g) was merely used to convey the meaning of publishing information rather than imprinting ink on a piece of paper that is generated by a machine or electronic device. During an internet transaction, such as the one at issue in this case, ANI published the information in the same way that it would have done had it handed Romano a paper receipt in person. This interpretation of FACTA is also supported by the definitions of the word print in *Merriam - Webster's Collegiate Dictionary*, Tenth Edition, which include the following: "to display on a surface (as a computer screen)." *Merriam - Webster's Collegiate Dictionary* 924 (10th ed. 2002). In addition, as Romano points out, there is a great need to protect the security of credit card information during internet transactions. For example, a customer may receive the internet receipt in a public location and other individuals may be able to view the computer screen. Also, thieves may be able to gain unauthorized access to a customer's computer files and will more easily obtain credit card information with lesser security measures. There is nothing in FACTA that states that its sole purpose is to protect in person transactions. The stated purpose of FACTA is "to prevent criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud." Pub.L. No. 110-241 (HR 2008), 122 Stat. 1565 (June 3, 2008). The protection of internet

transactions would further prevent identity theft and the other problems that FACTA is intended to protect.

We also note that in Section 1681c(g) Congress indicated that the statute "shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card." 15 U.S.C. § 1681c(g). In using such language, Congress distinguished between electronically generated receipts as opposed to receipts prepared by hand or by imprints. Obviously, businesses that use electronic equipment are capable of transmitting the full number of the credit card to the credit card processing center in order to receive payment and at the same time are capable of redacting certain numbers of the credit card when providing electronically generated receipts to the consumer in order to protect the consumer. In contrast, businesses where the sole means of recording a credit card number is by hand or by an imprint are exempt under this law because the handwritten or imprinted receipt card number is required to be forwarded to the credit card processing center in order to receive payment, and hence the receipt provided to the customer is a carbon copy of that document containing the full number.

In addition, we note that when Congress articulated the effective dates that

relating to Section 1681c(g), it stated that it applies "with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions. . . ." 15 U.S.C. § 1681c(g). Congress did not say that the statute applied with respect to any "receipts" provided in person, but stated that it applied with respect to any "cash register or other machine or device that electronically prints receipts for credit card or debit card transactions. . . ." 15 U.S.C. § 1681c(g). Thus, we conclude that Section 1681c(g), consistent with the goal of protecting consumers, covers internet transactions such as the one at issue in the instant action.

II. Willfulness

ANI argues that Romano does not allege sufficient facts to indicate a willful violation of FACTA. There is, however, no requirement that a plaintiff provide such specificity. As indicated above, at this juncture, a plaintiff need only provide sufficient allegations to show that a claim is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted). Romano alleges that ANI repeatedly violated FACTA in transactions with Romano and with others in spite of the clear restrictions regarding the number of digits of a credit card number that can appear on a receipt. *See, e.g., Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 58-59 (2007)(explaining that both knowing and reckless violations suffice for willfulness under the FCRA).

8

The willfulness issue cannot always be resolved at the motion to dismiss stage since it may involve facts beyond the pleadings. *See, e.g., Troy v. Home Run Inn, Inc.*, 2008 WL 1766526, at *2 (N.D. Ill. 2008)(finding that the plaintiff had alleged sufficient facts regarding willfulness under the notice pleading standard); *In re TJX Companies, Inc.*, 2008 WL 2020375, at *2 (D. Kan. 2008)(finding that plaintiff alleged sufficient allegations of willfulness); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1210 (C.D. Cal. 2007)(stating that "[w]illfulness under the FCRA is generally a question of fact for the jury"). Romano has stated a valid FACTA claim and it is premature based on the complaint before us to resolve the willfulness issue. Therefore, we deny ANI's motion to dismiss the willfulness claims.

III. Injury

ANI argues that Romano's claims should be dismissed since Romano does not allege any injury, which is a prerequisite to any recovery. ANI cites in support general constitutional principles and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), which dealt with general principles of compensatory and punitive damages. *Id.* at 416-17. However, the FCRA, of which FACTA is an amendment, contains no such injury prerequisite for willful violations. 15 U.S.C. § 1681n. We note that for negligent violations of FCRA, a plaintiff must show "actual damages,"

but that requirement is not present in the willful violation section of FCRA. 15 U.S.C. § 1681n; 15 U.S.C. § 1681o(a). Courts have also confirmed that there is no injury prerequisite for willful violations of FCRA. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006)(explaining that "actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury"); *Troy*, 2008 WL 1766526, at *4 (stating that "the plain language of [15 U.S.C. § 1681n] makes it clear that actual damages are not a prerequisite to recovery of statutory damages"); *Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 393 (N.D. Ill. 2006)(declining to require actual damages for claim). Thus, it is not incumbent upon Romano to allege any injury to pursue a willfulness claim under FCRA. Therefore, based on the above, we deny ANI's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we deny ANI's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 3, 2009